IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIZANT TECHNOLOGIES, LLC,  :   CIVIL ACTION
et al.         :
           :
    v.       :
           :
JULIE P. WHITCHURCH, et al.  :   NO. 15-431

MEMORANDUM

Bartle, J.            July 23, 2015

   Before the court are defendants' "Motion for Leave to File Amended Answer with Counterclaim to Plaintiffs' Complaint" and their "Motion for Leave to Join Indispensable Parties."

   Plaintiffs Vizant Technologies, LLC ("Vizant") and its chief executive officer Joseph Bizzarro ("Bizzarro") have filed this action against defendants Julie P. Whitchurch ("Whitchurch") and Jamie Davis ("Davis"), sisters who are former Vizant employees.  Defendants are representing themselves.  Plaintiffs' ten-count complaint alleges:  violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; breach of contract; misappropriation of trade secrets in violation of the Delaware Uniform Trade Secrets Act ("DUTSA"), Del. Code Ann. tit. 6, §§ 2001 et seq.; defamation; tortious interference with existing and prospective contractual relationships; abuse of process; conversion; fraud; and civil conspiracy.

Plaintiffs' claims arise out of Vizant's December 2013 termination of defendants' employment.  Both Whitchurch and Davis were fired shortly after Whitchurch began making claims that Vizant and its upper management were engaged in a Ponzi scheme and were defrauding investors and employees.[1]  After their separation from the company, defendants began threatening to publicize their accusations of misconduct by contacting investors, potential investors, clients, and potential clients of Vizant.  They made clear that notwithstanding the existence of confidentiality agreements to which each defendant was a party, they had retained a number of documents and other materials which Vizant considers confidential.  Defendants also detailed their allegations on their website (www.nocapitalsolutions.com), on social media, and in postcards which they mailed to certain Vizant officers.

Vizant initially filed suit against defendants in early 2014 in the Superior Court of Cobb County, Georgia.  It sought injunctive relief and damages in connection with defendants' efforts to publicize their allegations against the company and their alleged breach of their employment agreements.[2]

_____

1.  The record does not make clear whether the allegations levied by Whitchurch were the reason behind defendants' termination.

2.  The five-count complaint filed by Vizant in Georgia state court included claims for breach of contract, defamation,

-2-

Vizant obtained a temporary restraining order and a preliminary injunction and thereafter an order of contempt against defendants.

While the Georgia litigation was pending, defendants contacted officers of Vizant and threatened to file a RICO suit against the company.  Defendants then docketed in the Georgia state court a "Notice of Permissive Counterclaim Complaint" in March 2014.  That document contains claims for:  "outstanding out of pocket expense[s]"; "on going [sic] retaliation by plaintiffs, plaintiffs [sic] attorneys of record, and plaintiffs [sic] previous attorneys of record"; "unpaid wages"; and "reduction in compensation without prior notice."

In December of 2014 Vizant filed a Notice of Voluntary Dismissal Without Prejudice in the Georgia action.  Defendants objected to this dismissal on the ground that counterclaims against Vizant were still pending.  The state court, rejecting that argument, concluded:

> Defendants' answer contained no
> counterclaims or pleas for relief.
> Defendant Whitchurch did file a Notice of
> Counterclaim stating various counterclaims.
> However, the Defendants at no time filed an
> amended answer or asked the Court for relief
> to amend their answer and the Court has at
> no time recognized the Defendants' Notice of
> Counterclaim.

---

tortious interference with business relations, and misappropriation of trade secrets, as well as a count styled "attorney's fees and costs."

Accordingly, the state court dismissed the action without prejudice.

        In January 2015 plaintiffs filed a complaint against defendants in this court.  On March 1, 2015 defendants moved to dismiss the complaint pursuant to Rules 12(b)(2), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure.  The court denied that motion on April 1, 2015.  On April 29, 2015, on plaintiffs' motion and following a hearing, we issued a preliminary injunction against defendants (Doc. #60).  On the same day, we ordered defendants to file and serve an answer on or before May 15, 2015.  Also on April 29, defendants docketed a second motion to dismiss.  We ordered the second motion to dismiss stricken pursuant to Rule 12(g)(2) of the Federal Rules of Civil Procedure on May 6, 2015.[3]  On May 14, 2015, defendants filed an answer to the complaint.  Meanwhile, following a hearing conducted in late May, we held defendants in civil contempt on June 2, 2015 (Doc. #82) for the failure to comply with the preliminary injunction.  Discovery in this matter is scheduled to conclude on August 31, 2015.

_____

3.  Rule 12(g)(2) provides that "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."

On July 12, 2015, nearly two months after they filed
their answer, defendants filed without leave of court a document
entitled "Defendants' Counterclaim and Motion for Leave to Join
Indispensable Parties."  Defendants' purported counterclaim,
which contains 31 pages and 23 counts, relates to the alleged
misconduct of plaintiffs which first prompted Whitchurch to
complain to her superiors about fraud within Vizant.  The
counterclaim also concerns the interactions between plaintiffs
and defendants following defendants' termination, including the
litigation in Georgia state court.[4]  Defendants name Capital

---

4.  The purported counterclaim includes 23 counts which allege
the following:  tampering with a witness, victim, or informant
in violation of 18 U.S.C. § 1512; retaliation against a witness,
victim, or informant in violation of 18 U.S.C. § 1513; mail
fraud in violation of 18 U.S.C. § 1341; wire fraud in violation
of 18 U.S.C. § 1343; fraud and related activity in connection
with identification documents, authentication features, and
information in violation of 18 U.S.C. § 1028; reproduction of
naturalization or citizenship papers in violation of 18 U.S.C.
§ 1426; theft by extortion in violation of 18 Pa. Cons. Stat.
Ann. § 3923; mailing threatening communications in violation of
18 U.S.C. § 876; fraud; obstruction of proceedings before
departments, agencies, and committees in violation of 18 U.S.C.
§ 1505; "perjury generally" in violation of 18 U.S.C. § 1621;
false swearing in violation of 18 Pa. Cons. Stat. Ann. § 4903;
tampering with or fabricating evidence in violation of 18 Pa.
Cons. Stat. Ann. § 4910; theft by deception in violation of 18
Pa. Cons. Stat. Ann. § 3922; criminal solicitation in violation
of 18 Pa. Cons. Stat. Ann. § 902; criminal conspiracy in
violation of 18 Pa. Cons. Stat. Ann. § 903; unauthorized
practice of law in violation of 18 Pa. Cons. Stat. Ann. § 2524;
wrongful use of civil proceeding in violation of 42 Pa. Cons.
Stat. Ann. § 8351; abuse of process; negligent hiring,
retention, and supervision; defamation; intentional infliction
of emotional distress; and "First amendment retaliation against
a private citizen."

Solutions, Inc. ("Capital Solutions") (an entity which owns a majority of Vizant) and Elarbee, Thompson, Sapp & Wilson LLP ("Elarbee Thompson") (the Atlanta law firm that represented Vizant in the Georgia litigation) as counterclaim defendants. It appears that defendants consider these two entities to be "indispensable parties."

Immediately after filing their purported counterclaim, defendants realized that Rule 15 of the Federal Rules of Civil Procedure precluded them at this late stage from amending their pleading without leave of court or the written consent of the opposing party. As a result, they filed on July 13, 2015 a "Motion for Leave to File Amended Answer with Counterclaim to Plaintiffs' Complaint." That motion, together with defendants' Motion for Leave to Join Indispensable Parties, is now before the court.

I.

Rule 13 of the Federal Rules of Civil Procedure governs the pleading of counterclaims. It states in relevant part:

> (a) **Compulsory Counterclaim.**
>
> (1) *In General*. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

            (A) arises out of the transaction
            or occurrence that is the
            subject matter of the opposing
            party's claim; and

            (B) does not require adding
            another party over whom the
            court cannot acquire
            jurisdiction.

      (2)   ***Exceptions***.   The pleader need not
        state the claim if:

            (A) when the action was
            commenced, the claim was the
            subject of another pending
            action; or

            (B) the opposing party sued on
            its claim by attachment or other
            process that did not establish
            personal jurisdiction over the
            pleader on that claim, and the
            pleader does not assert any
            counterclaim under this rule.

   (b)   **Permissive counterclaim**.   A pleading
       may state as a counterclaim against an
       opposing party any claim that is not
       compulsory.

Fed. R. Civ. P. 13 (emphasis in original).

     Aside from other requirements, a counterclaim, to be
compulsory, must "bear[] a 'logical relationship' to an opposing
party's claim." <u>Great Lakes Rubber Corp. v. Herbert Cooper Co.</u>,
286 F.3d 631, 634 (3d Cir. 1961). Such a "logical relationship"
exists "where separate trials on each of the[] respective claims
would involve a substantial duplication of effort and time by
the parties and the courts." <u>M.R. v. Ridley Sch. Dist.</u>, 744

F.3d 112, 121 (3d Cir. 2014) (quoting Great Lakes Rubber Corp., 286 F.2d at 634) (alteration in original).  When claims "involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties," such duplication is likely to arise.  Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389-90 (3d Cir. 2002) (internal citations omitted).  A counterclaim that is not compulsory is considered a permissive counterclaim.  See Fed. R. Civ. P. 13(b).

Under Rule 15(a), after a party has filed its pleading, it may amend that pleading once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of" a motion to dismiss, whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading "only with the opposing party's written consent or with the court's leave."  Fed. R. Civ. P. 15(a)(2).  It cannot be disputed that because of the time lapse defendants must obtain the permission of the court in order to proceed with their counterclaim.

While "leave to amend shall be freely given when justice so requires," the Supreme Court has made it clear that district courts have discretion to deny such leave for reasons "such as undue delay, bad faith or dilatory motive on the part

-8-

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001); Fed. R. Civ. P. 15(a)(2).

## II.

Plaintiffs first argue that defendants' purported counterclaim is procedurally barred because it is a compulsory counterclaim and was not included in defendants' pleading. See Fed. R. Civ. P. 13(a). Defendants, in response, urge that the counterclaim is permissive, rather than compulsory, and that it need not have been filed with their answer. See Fed. R. Civ. P. 13(a)(1), (b). Specifically, defendants take the position that the allegations contained in the counterclaim do not arise out of the same transaction or occurrence that gives rise to plaintiffs' claim. See Fed. R. Civ. P. 13(a)(1)(A).

A reading of the counterclaim demonstrates that it "arises out of the transaction or occurrence that is the subject matter of [plaintiffs'] claim." See Fed. R. Civ. P. 13(a)(1)(A). The allegations in the plaintiffs' complaint and in defendants' counterclaim overlap in that they involve similar factual and legal issues and arise from "the same basic controversy between the parties." See Transamerica Occidental

-9-

Life Ins. Co., 292 F.3d at 389-90.  For this reason, separate trials on the two sets of claims would likely "involve a substantial duplication of effort and time" by the parties and the court.  See M.R., 744 F.3d at 121; Great Lakes Rubber Corp., 286 F.3d at 634.

In any event, we need not decide whether the counterclaim is compulsory or permissive within the meaning of Rule 13.  The instant motion concerns defendants' request for leave to *amend* their answer.  Our analysis is therefore governed by Rule 15, which, as noted above, provides that a party who is out of time to amend her pleading as a matter of course may amend it "only with the opposing party's written consent or with the court's leave."  Fed. R. Civ. P. 15(a)(2).  This rule does not differentiate between compulsory and permissive counterclaims.

Defendants, in support of their motion to amend, direct our attention to the language of Rule 15(a)(2), which states that leave to amend a pleading "should freely [be] give[n] . . . when justice so requires."[5]  Here, however, there has been undue delay in defendants' filing of their counterclaim.  See Foman, 371 U.S. at 182.  Nearly two months elapsed between the time defendants' answer was filed and the

---

5.  Defendants also rely on Rule 13(f) of the Federal Rules of Civil Procedure.  However, Rule 13(f) was abrogated in 2009.  See Fed. R. Civ. P. 13 advisory committee note, 2009 Amendment.

date on which they attempted to file their counterclaim.  In addition, discovery is scheduled to conclude on August 31, 2015, less than two months after their July 12, 2015 purported filing of the counterclaim.  Significantly, defendants were aware of the facts and allegations underlying their counterclaim well before they docketed their answer, as they attempted to file a similar counterclaim in the Georgia litigation in March 2014.

To explain their delay, defendants state that "through an oversight and/or excusable neglect [they] failed to set up a counterclaim and file with their Answer."  They assert that as pro se litigants they were simply unaware that their compulsory counterclaim must be included with their answer.  Defendants have articulated no reason, aside from lack of familiarity with the Federal Rules of Civil Procedure, why they could not have filed their counterclaim at the time they filed their answer. Most, if not all, of the conduct addressed by the counterclaim took place before or immediately after defendants' December 2013 termination.  Indeed, defendants had formulated their claims in early 2014 when they attempted to file a counterclaim in the Georgia litigation.

Defendants' misunderstanding of their responsibilities under the Federal Rules of Civil Procedure does not excuse their delay.  As our Court of Appeals has cautioned, pro se litigants "cannot flout procedural rules – they must abide by the same

-11-

rules that apply to all other litigants." Mala v. Crown Bay
Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (internal
citations omitted).

In addition to defendants' undue delay, the proposed
amendment would cause undue prejudice to plaintiffs. See Foman,
371 U.S. at 182. The risk of such prejudice arises when
"allowing an amendment would result in additional discovery,
cost, and preparation to defend against new facts or new
theories." Cureton, 252 F.3d at 273. Here, as noted above,
defendants have sought to file their proposed 31-page
counterclaim, which includes 23 counts, only one and one-half
months before the August 31, 2015 close-of-discovery date. The
discovery process has already been extensive, contentious, and
costly. Plaintiffs have an interest in concluding this lawsuit
as expeditiously as possible and getting on with their business.
We remind the parties that Rule 1 of the Federal Rules of Civil
Procedure cautions that the rules "should be construed and
administered to secure the just, speedy, and inexpensive
determination of every action and proceeding." Allowing
defendants to add a massive counterclaim at this late stage
would indisputably "result in additional discovery, cost, and
preparation" and would unduly prejudice Vizant and Bizzarro.
See Cureton, 252 F.3d at 273. Granting defendants' motion would
also run counter to Rule 1.

-12-

Accordingly, the motion of defendants for "Leave to File Amended Answer with Counterclaim to Plaintiffs' Complaint" will be denied.

### III.

Defendants have also moved for leave to add Capital Solutions and Elarbee Thompson as indispensable parties. Defendants have not submitted a supporting brief in this regard, although it appears that they consider Capital Solutions and Elarbee Thompson to be indispensable parties to their purported counterclaims.[6]  Because we are denying defendants' motion for leave to file their counterclaims and striking those counterclaims, we will deny as moot their motion to add Capital Solutions and Elarbee Thompson.

---

6.  When defendants filed their counterclaim without leave of court on July 12, it was captioned "Defendants' Counterclaim Motion for Leave to Join Indispensable Parties."  They state therein, without any further discussion, that they seek "leave to join co-parties Capital Solutions, Inc. and Elarbee, Thompson, Sapp & Wilson LL[P]."

-13-