```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIZANT TECHNOLOGIES, LLC, et al.  :        CIVIL ACTION
                                  :
          v.                      :
                                  :
JULIE P. WHITCHURCH, et al.       :        NO. 15-431
```

                            MEMORANDUM

Bartle, J.                                          March 1, 2016

        On January 8, 2016, the court entered judgment in favor of plaintiffs with respect to liability on four of their claims, and entered summary judgment in favor of defendants[1] on plaintiffs' remaining six claims. Among the claims on which plaintiff Vizant Technologies, LLC ("Vizant") prevailed was its claim for breach of contract. The contract in question contained a provision that in any suit by Vizant "to enforce the covenants or other provisions contained herein, the prevailing party shall be entitled to recover, in addition to all damages provided for herein, the costs incurred in conducting the suit, including reasonable attorneys' fees."

        A jury trial on the issue of damages is scheduled to begin on March 2, 2016. Plaintiffs now seek leave to file a motion for a determination of attorneys' fees and costs by the court rather than by a jury.

---

1. After summary judgment was entered, plaintiffs settled with defendant Jamie Davis. The only remaining defendant is Julie P. Whitchurch.

The parties cite to no decision of the Third Circuit, and we are aware of none, establishing a constitutional right to a jury determination on the amount of attorneys' fees and costs to which a prevailing party is contractually entitled after judgment on liability for a breach of contract.  Other appellate courts have consistently held that the determination of the appropriate amount of attorneys' fees does not demand a jury trial.  See, e.g., E. Trading Co. v. Refco, Inc., 229 F.3d 617, 627 (7th Cir. 2000); McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir. 1993); see also, e.g., Younis Bros. & Co., Inc. v. Cigna Worldwide Ins. Co., 882 F. Supp. 1468, 1475 (E.D. Pa. 1994).  Significantly, in Eastern Trading Company the Seventh Circuit concluded that where a contract between the parties obligated one to reimburse the other for any attorneys' fees incurred in collecting certain debts, the issues of entitlement to attorneys' fees and the amount of attorneys' fees were not triable issues and did not need to be submitted to the jury.  229 F.3d at 626-27.

In McGuire, the Second Circuit emphasized that "when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees [but] the judge is to determine a reasonable amount of fees."  1 F.3d at 1313 (emphasis added).  In that case, however, the issue of entitlement to attorneys' fees was a question of fact, as it involved the

-2-

question whether the parties had agreed to the contractual attorneys' fees provision in the first place.  See id. at 1309.  Here, in contrast, there is no question of fact pertaining to the plaintiffs' entitlement to attorneys' fees and costs.  See E. Trading Co., 229 F.3d at 627.  Only the amount has yet to be determined.

Defendant Whitchurch has filed a document which she styles as a response to the instant motion.  However, her "response" responds to none of the arguments made by plaintiffs.  Consequently, the motion of plaintiffs "for leave to file a motion to determine and award attorney's fees and costs by the court rather than by a jury" will be granted.