```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIZANT TECHNOLOGIES, LLC,       :       CIVIL ACTION
et al.                          :
                                :
         v.                     :
                                :
JULIE P. WHITCHURCH, et al.     :       NO. 15-431
```

MEMORANDUM

Bartle, J.                                              June 1, 2016

      Plaintiffs Vizant Technologies, LLC ("Vizant) and Joseph Bizzarro ("Bizzarro") have filed a motion under 28 U.S.C. § 1963 seeking an order to allow the registration in the state of Georgia of certain judgments entered against defendant Julie P. Whitchurch in this Court.  Defendant has not opposed this motion.

      The plaintiffs obtained a judgment against defendant Julie P. Whitchurch on July 7, 2015 for $29,200 as a result of a finding of the court that she was in civil contempt.  On March 22, 2016, after a damages trial, the court entered a judgment in favor of plaintiff Vizant and against Julie P. Whitchurch for $2,256,427.12 and a judgment in favor of plaintiff Bizzarro and against Julie P. Whitchurch for $500,000.  All of those judgments are on appeal to the United States Court of Appeals for the Third Circuit.  Defendant has not filed a supersedeas bond to stay enforcement of any judgment.  See Fed. R. Civ. P. 62(d).

      Plaintiffs now seek to have this court authorize the registration of the March 22, 2016 judgments in the state of

Georgia where defendant Julie P. Whitchurch is a resident.  Under 28 U.S.C. § 1963, this court may enter an order allowing for the registration of a judgment in another district "when the judgment has become final by appeal or expiration of the time for appeal <u>or when ordered by the court that entered the judgment for good cause shown</u>." (Emphasis added).

As noted above, Julie P. Whitchurch resides in the state of Georgia, specifically in Woodstock in the Northern District of Georgia.  To the extent she has assets, it is likely they are located in that state.  As far as is known, she has no assets in the Eastern District of Pennsylvania or in the Commonwealth of Pennsylvania.  Furthermore, she has not filed a supersedeas bond which would stay execution pending appeal.  <u>See</u> Fed. R. Civ. P. 62(d).  Plaintiffs have shown good cause for this court to allow registration of the judgments in Georgia.  <u>See, e.g.</u>, <u>Great Am. Ins. Co. V. Stephens</u>, 2006 WL 2349991, at *2 (E.D. Pa. Aug. 11, 2006); <u>Schreiber v. Kellogg</u>, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993).