FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VIZANT TECHNOLOGIES, LLC,      :         CIVIL ACTION
et al.                         :
                               :
        v.                     :
                               :
JULIE P. WHITCHURCH, et al.    :         NO. 15-431


MEMORANDUM

Bartle, J.                                    February 1, 2017

The court has scheduled for tomorrow, February 2, 2017, a hearing for defendant Julie Whitchurch to show cause why she should not be held in contempt for violating this court's permanent injunction (Doc. # 214) entered on January 8, 2016. Today, the day before the scheduled hearing, Whitchurch has filed a motion "for relief." She urges the court to "withdraw, reconsider, and/or stay the contempt proceedings[.]" Whitchurch maintains that our Court of Appeals did not affirm the permanent injunction and thus it does not have effect.

Whitchurch is wrong. She appealed, among many other orders, the permanent injunction entered on January 8, 2016. Vizant Technologies, LLC v. Whitchurch, No. 15-431 (E.D. Pa. 2016), appeal docketed, No. 16-1178 (3d Cir. Jan. 29, 2016). On January 13, 2017, after extensive discussion in its Opinion, our Court of Appeals affirmed the court's permanent injunction and entered judgment against Whitchurch. Vizant Technologies, LLC

<u>v. Whitchurch</u>, No. 16-1178 (3d Cir. Jan. 13, 2017).

Specifically, the judgment stated:

> This cause came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on January 5, 2017. On consideration whereof, it is now hereby ORDERED and ADJUGED by this Court that <u>the orders of the District Court entered January 8, 2016, at ECF Nos. 213, 214, and 215, be and the same are hereby affirmed</u>, and that this appeal is otherwise dismissed.

<u>Id.</u> (Emphasis added). Our Court of Appeals clearly affirmed our order "entered January 8, 2016, at ECF No[]. . . . 214." This is the permanent injunction against Whitchurch which is the subject of the hearing scheduled for tomorrow. Her contention that there can be no contempt because there is no permanent injunction is not only frivolous but disingenuous. Even if the Court of Appeals had not affirmed the permanent injunction, it clearly did not overturn it. Thus it remains in effect.

      Accordingly, the motion of Whitchurch "for relief" will be denied. The hearing scheduled for tomorrow will proceed.