IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIZANT TECHNOLOGIES, LLC,            :            CIVIL ACTION
et al.                               :
                                     :
          v.                         :
                                     :
JULIE P. WHITCHURCH, et al.          :            NO. 15-431


<u>MEMORANDUM</u>

Bartle, J.                                      February 13, 2017

On January 8, 2016, the court granted summary judgment
on liability in favor of plaintiffs Vizant Technologies, LLC,
and its chief executive officer, Joseph Bizzarro, and against
defendant Julie P. Whitchurch, a former Vizant employee, on
their claims of defamation and tortious interference with
existing and prospective business relationships.  The court also
granted summary judgment on liability in favor of Vizant and
against Whitchurch on certain breach of contract claims, as well
as misappropriation of trade secrets under the Delaware Uniform
Trade Secrets Act, Del. Code Ann. tit. 6, §§ 2001 et seq.[1]

---

1.  We granted summary judgment in favor of Whitchurch on
plaintiffs' claims of:  violations of the Racketeer Influenced
and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; abuse of
process; conversion; fraud; certain breach of contract claims;
and civil conspiracy.  Vizant has since withdrawn its claim
under the Delaware Uniform Trade Secret Act.

The court, the same day, entered a permanent injunction against Whitchurch.[2]  The January 8, 2016 permanent injunction provided, in relevant part:

> [I]t is hereby ORDERED that:
>
>> Julie P. Whitchurch . . . [is] permanently enjoined from engaging in any conduct or taking any action whatsoever to cause or to discourage any person or entity from doing business, investing in, or maintaining an employment or other relationship with Vizant Technologies, LLC or with any entity or person affiliated with Vizant Technologies, LLC.

The Court of Appeals affirmed the permanent injunction on January 13, 2017.  See Vizant Technologies, LLC v. Whitchurch, No. 16-1178 (3d Cir. Jan. 13, 2017).

On March 2, 2016, the court held a non-jury trial on the issue of damages.  Whitchurch, who was aware of the date, time, and location of the trial, did not appear.  Thereafter, on March 22, 2016 the court entered judgment in favor of Vizant and against Whitchurch in the amount of $2,256,427.12 for

---

2. We had previously entered on April 29, 2015 a preliminary injunction against Whitchurch.  On June 2, 2015, after a Show Cause hearing, we imposed sanctions on Whitchurch for violation of the preliminary injunction.  Prompted by a July 17, 2015 motion of plaintiffs for "partial summary judgment, final money judgment, and permanent injunction," we found that plaintiffs had satisfied the requisite standard to convert the preliminary injunction into a permanent injunction.  Thus, on January 8, 2016, we did so.

compensatory damages, attorneys' fees, and costs and entered
judgment in favor of Bizzarro and against Whitchurch in the
amount of $500,000 for damages related to his claim of
defamation.[3]

A number of months later on November 10, 2016
plaintiffs filed a motion for an Order for Whitchurch to Show
Cause why she should not be sanctioned for making threatening
and disorderly comments through email to the court and the court
staff.

On November 28, 2016, plaintiffs filed a second motion
for an Order to Show Cause.  They asserted that Whitchurch
should be required to show cause why she should not be
sanctioned for violation the court's January 8, 2016 permanent
injunction as a result of her November 21, 2016 email
communication to Vizant's largest investor, Frank Seidman.
On January 18, 2017, we entered two orders directing Whitchurch
to show cause why she should not be held in contempt and
scheduled a hearing for February 2, 2017.  Our January 18, 2017

---

3.  Whitchurch appealed the judgment against her and the order
awarding Vizant attorneys' fees and costs.  Vizant Technologies,
LLC v. Whitchurch, No. 15-431 (E.D. Pa. 2016), appeal docketed,
No. 16-1824 (3d Cir. April 7, 2016).  Our Court of Appeals
dismissed Whitchurch's appeal for failure to pay the docketing
fee.  See Vizant Technologies, LLC v. Whitchurch, No. 16-1824
(3d Cir. Oct. 27, 2016); see also Vizant Technologies, LLC v.
Whitchurch, No. 16-1178 (3d Cir. July 18, 2016).

Order relating to Whitchurch's email to Seidman stated in
relevant part:

> It is further ORDERED that defendant, Julie
> P. Whitchurch, show cause before this court
> on February 2, 2017, at 10:00 A.M., in
> Courtroom 16A, United States Courthouse, 601
> Market Street, Philadelphia, Pennsylvania,
> why (1) the defendant should not be held in
> contempt for violating the permanent
> injunction entered by the court on January
> 8, 2016 (Doc. # 214) by emailing Frank
> Seidman of Capital Solutions, Inc. on
> November 21, 2016; and (2) sanctions should
> not be imposed upon the defendant for
> willfully violating the permanent
> injunction.

On February 1, 2017, the day before the hearing,
Whitchurch filed a motion "for relief."  She urged the court to
"withdraw, reconsider, and/or stay the contempt proceedings[,]"
arguing in essence that the Court of Appeals had not affirmed
the permanent injunction and thus it did not have any effect.
Later that day, the court entered an order and accompanying
memorandum denying Whitchurch's motion.  The court explained
that the Court of Appeals had affirmed on January 13, 2017 the
permanent injunction and that Whitchurch was wrong in asserting
that she was not bound by it.  See Vizant Technologies, LLC v.
Whitchurch, No. 16-1178 (3d Cir. Jan. 13, 2017).  The court
advised her that the hearing scheduled for February 2, 2017 at
10:00 A.M. would proceed.

The court held an evidentiary civil contempt hearing on the motions on February 2, 2017.  Whitchurch, although well aware of the hearing, did not appear.  The court now makes the following findings of fact and conclusions of law.  All facts have been established by clear and convincing evidence.

I.

Civil contempt "is remedial, and for the benefit of the complainant."  Int'l Union, United Mineworkers of Am. v. Bagwell, 512 U.S. 821, 827 (1994) (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911)).  If successful in civil contempt proceedings, the complainant is entitled to costs of investigating the violation of the court's order, preparing for and conducting the contempt proceeding, and attorneys' fees.  See Gompers, 221 U.S. at 447; see also Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994).  The award of attorneys' fees places the complainant in the position it would have been had the contemnor complied with the court order.  Robin Woods Inc., 28 F.3d at 400.

Civil contempt sanctions fall into two general categories.  Harris v. City of Phila., 47 F.3d 1311, 1328 (3d Cir. 1995) (citing Bagwell, 512 U.S. at 829); see also Latrobe Steel Co. v. United Steelworkers of America, AFL-CIO, 545 F.2d 1336, 1344 (3d Cir. 1976).  One category is designed to compensate complainants "for losses sustained by [the

contemnor's] disobedience." Robin Woods Inc., 28 F.3d at 400
(citing McDonald's Corp. v. Victory Investments, 727 F.2d 82, 87
(3d Cir. 1984)).  The other is calculated "to coerce the
defendant into compliance with the court's order."  Id.  For
coercive contempt sanctions to be characterized as civil rather
than criminal, the sanctions "must be capable of being purged."
Harris, 47 F.3d at 1328 (citing Bagwell, 512 U.S. at 828).
Contempt involving discrete, readily ascertainable acts is
properly adjudicated through civil proceedings.  Bagwell,
512 U.S. at 833.

        The elements necessary for a finding of civil contempt
are well established.  A court must find "that (1) a valid court
order existed, (2) the defendant had knowledge of the order, and
(3) the defendant disobeyed the order."  John T. ex rel. Paul T.
v. Delaware Cnty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir.
2003) (quoting Harris, 47 F.2d at 1326).  These elements "must
be proven by clear and convincing evidence, and ambiguities must
be resolved in favor of the party charged with contempt."  Id.
(internal quotation marks omitted).  Courts "should hesitate to
adjudge a defendant in contempt when there is ground to doubt
the wrongfulness of the conduct."  F.T.C. v. Lane Labs-USA,
Inc., 624 F.3d 575, 582 (3d Cir. 2010) (internal quotation marks
and citations omitted).  However, civil contempt does not
require a finding of willfulness on the part of the contemnor,

-6-

for "good faith is not a defense to civil contempt."  Id.
(internal quotation marks and citations omitted).

　　　　Before a finding of contempt is made, "due process
. . . require[s] notice and a hearing . . . so that the parties
'have an opportunity to explain the conduct deemed deficient
. . . and that a record will be available to facilitate
appellate review.'"  Harris, 47 F.3d 1322 (quoting Newton v.
A.C. & S. Inc., 918 F.2d 1121, 1127 & n.5 (3d Cir. 1990)).  Once
parties have notice that contempt proceedings have been
instituted against them, however, they may waive their right to
be present at the contempt hearing by "fail[ing] to avail
[themselves] of the opportunity at a meaningful time and in a
meaningful manner for a hearing."  Roe v. Operation Rescue,
920 F.2d 213, 218 (3d Cir. 1990).

## II.

　　　　At the contempt hearing, counsel for plaintiffs
introduced into evidence a number of emails that Whitchurch had
sent from her email account, juliepwhitchurch@gmail.com, to
Frank Seidman, Vizant's largest investor, at his email address,
frank@cap-sol.com.
Whitchurch's email dated November 21, 2016 was transmitted to
five individuals: Seidman, two attorneys representing Vizant and
Bizzarro in this court, and two attorneys representing Vizant
and Bizzarro in a related action in Georgia.  In the Georgia

-7-

action, Whitchurch, acting pro se, challenged the registration by Vizant and Bizzaro in the Northern District of Georgia of a final judgment of $29,200 entered on July 7, 2015 by this court against Whitchurch for counsel fees and costs as a result of the court's finding that she had been in civil contempt.[4]  See <u>Vizant Technologies, LLC v. Whitchurch</u>, No. 15-431, July 7, 2015, ECF No. 109.  Whitchurch's email referenced the Georgia action. In her November 21, 2016 email she attached a copy of a motion for "temporary restraint & preliminary injunction" that she had filed against Vizant and Bizzarro in the state court of Fulton County, Georgia.[5]  Whitchurch specifically upbraided Seidman in the email:  "Frank, you're paying these jackasses [counsel for Vizant and Bizzarro in the Georgia action] to break the law with earnings from the enterprise. It's a racket. Stop it. JW[.]"

---

4.  The court had ordered on June 2, 2015 Whitchurch to pay $29,200 to Vizant in legal fees and costs in connection with a May 21, 2015 civil contempt hearing.  Order at 2, <u>Vizant Technologies, LLC v. Whitchurch</u>, No. 15-431, June 2, 2015, ECF No. 82.  Upon motion of Vizant and Bizzarro, the court converted this order of $29,200 to a final judgment against Whitchurch.  <u>Vizant Technologies, LLC v. Whitchurch</u>, No. 15-431, July 7, 2015, ECF No. 109.

5.  In her motion for "temporary restraint & preliminary injunction," filed in the state court of Fulton County, Georgia, Whitchurch alleged that plaintiffs improperly registered the judgment in the Northern District of Georgia and accused counsel for Vizant and Bizzarro in the Georgia action of fraud and misconduct.  She urged the court enter a preliminary injunction enjoining plaintiffs from continuing garnishment in aid of executing the final judgment.

Whitchurch sent a second email dated November 28, 2016, to Seidman, three attorneys representing Vizant and Bizzarro in this court, and one attorney representing Vizant and Bizzarro in the related Georgia action, in response to a notification of the filing of plaintiffs' November 28, 2016 motion for an Order to Show Cause in this court (Exhibit 2). She again wrote:  "Frank, you're paying these jackasses to break the law.  It's a racket.  Stop it.  JW[.]"

Whitchurch transmitted a third email to the same five individuals, including Seidman, on November 29, 2016 (Exhibit 3).  This email was sent in response to a second email notification she had received regarding the filing of plaintiffs' November 28, 2016 motion for an Order to Show Cause in this court.  In her email to the five individuals she reiterated:  "Frank, I don't even know what to say.  Other than 'you're paying these jackasses to break the law with money from the enterprise.  Stop it.'  JW[.]"

On December 2, 2016, Whitchurch again emailed Seidman, as well as three attorneys representing Vizant and Bizzarro in this court, and two attorneys representing Vizant and Bizzarro in Georgia (Exhibit 4).  The email was sent in response to an email from counsel for Vizant and Bizzarro in Georgia.  She accused counsel of "gross illegal conduct in this matter," and specifically addressed Seidman.  She repeated:  "Frank, You're

-9-

paying these jackasses to break the law with monies from the enterprise.  Stop it.  JW[.]"

Finally, Whitchurch sent an email dated January 12, 2017, to seven individuals, including Seidman, three attorneys representing Vizant and Bizzarro in this court, and three attorneys representing Vizant and Bizzarro in Georgia (Exhibit 6).  Whitchurch sent it in response to an email she had received from counsel for Vizant and Bizzarro in Georgia regarding the filing of a motion in the Georgia action.  She railed, in reference to counsel for Vizant and Bizzarro in Georgia:  "Frank, you see this piece of shit's response.  You're paying these jackasses to break the law as a means to further your illegal organization.  You're running a racket Frank.  STOP IT.  JW[.]"

### III.

We must now determine whether Whitchurch is in civil contempt for failing to comply with the permanent injunction. As discussed above, in order to hold a defendant in contempt we must find by clear and convincing evidence "that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." John T. ex rel. Paul T., 318 F.3d at 552 (quoting Harris, 47 F.2d at 1326).  We must resolve all ambiguities in favor of

-10-

the defendant, but need not consider whether their conduct was willful.  Id.; F.T.C., 624 F.3d at 582.

There is clear and convincing evidence that a valid court order existed and that the defendant had knowledge of the order.  See John T. ex rel. Paul T., 318 F.3d at 552.  While Whitchurch disputed in her February 1, 2017 motion "for relief" the validity of the permanent injunction, that argument is not only frivolous but disingenuous.  By that date, the Court of Appeals for the Third Circuit had affirmed the court's permanent injunction and entered judgment against Whitchurch.  See Vizant Technologies, LLC v. Whitchurch, No. 16-1178 (3d Cir. Jan. 13, 2017).  Clearly the court's permanent injunction was a valid order and Whitchurch obviously knew about it, whatever she thought about its validity.

We turn to the question of whether Whitchurch disobeyed the permanent injunction.  See John T. ex rel. Paul T., 318 F.3d at 552.  As noted above, the permanent injunction ordered in relevant part:

> [I]t is hereby ORDERED that:
>
> > Julie P. Whitchurch . . . [is] permanently enjoined from engaging in any conduct or taking any action whatsoever to cause or to discourage any person or entity from doing business, investing in, or maintaining an employment or other relationship with Vizant Technologies, LLC or with

any entity or person affiliated with
Vizant Technologies, LLC.

We find by clear and convincing evidence that
Whitchurch disobeyed this portion of the court's permanent
injunction.  Seidman was, and is, the largest investor in
Vizant.  Whitchurch was well aware of his significant role as a
major investor in Vizant and has never denied it.  He clearly is
a "person or entity . . . doing business, investing in, or
maintaining an employment or other relationship with Vizant
Technologies, LLC[,]" within the meaning of the permanent
injunction.

Following the entry of the permanent injunction,
Whitchurch emailed Seidman at least five times between November
21, 2016 and January 12, 2017 with disparaging statements.
Thus, she engaged in conduct and took action "to cause or to
discourage any person or entity from doing business, investing
in, or maintaining an employment or other relationship with
Vizant Technologies, LLC[,]" in violation of the terms of the
permanent injunction.

The email Whitchurch sent to Seidman on November 21,
2016, even without considering her subsequent emails,

demonstrates clearly and convincingly that Whitchurch violated
the court's January 8, 2016 permanent injunction.[6]

V.

Having determined that plaintiffs have proven by clear
and convincing evidence that Whitchurch is in civil contempt for
failure to comply with paragraph (1) of our permanent injunction
of January 8, 2016, we must now determine what sanctions are
appropriate.  As discussed above, civil contempt sanctions may
be compensatory or coercive.  Robin Woods Inc., 28 F.3d at 400.
The former compensate complainants for any losses sustained by
the actions of the contemnor, while the latter, "coerce[s] the
[contemnor] into compliance with the court's order."  Id.  Both
types of sanctions are appropriate here.

Whitchurch's disobedience of the permanent injunction
involves discrete, readily ascertainable acts.  Bagwell, 512
U.S. at 833.  A contemnor has the opportunity to purge herself
of contempt by committing an affirmative act.  Id. at 828.  We
will give Whitchurch an opportunity to purge herself of the
coercive sanctions that are now being imposed upon her.

The court will order defendant Julie P. Whitchurch to
email an apology to Frank Seidman on or before February 15,

---

6.  We note that even if Whitchurch had undertaken in good faith
to comply with the permanent injunction, her efforts would not
change our analysis.  As noted above, "good faith is not a
defense to civil contempt."  See F.T.C., 624 F.3d at 582.

-13-

2017.  She must state unequivocally that she apologizes for her conduct in sending him the five emails referenced herein and for her violation of the January 8, 2016 permanent injunction.  She must also file an affidavit with the court that she has emailed the apology to Seidman and attach a copy of the email to the affidavit.

If Whitchurch has not emailed this apology to Seidman and filed the required affidavit on or before February 15, 2017, civil sanctions are thereafter imposed upon her in the amount of $300 per day to be paid to the court and continuing each day or part of day until she complies with the accompanying order.  See Bagwell, 512 U.S. at 827.

Whitchurch is also liable for plaintiffs' counsel fees and costs related to the preparation of plaintiffs' November 28, 2016 motion, plaintiffs' preparation for the February 2, 2017 Show Cause Hearing, and plaintiffs' attendance of the February 2, 2017 Show Cause hearing.  See Gompers, 221 U.S. at 447; see also Robin Woods Inc., 28 F.3d at 400.  If plaintiffs' counsel seeks fees and costs, counsel shall file and serve on or before February 16, 2017 its time and costs records together with a supporting brief.

Whitchurch, as noted above, has the opportunity to purge herself of the coercive sanctions of $300 per day by complying with the court's accompanying order as directed.

-14-

Whitchurch is cautioned that the permanent injunction is still
in effect and that her conduct has clearly violated it.  If her
contumacious conduct continues, Whitchurch is warned that she
risks not only further civil contempt proceedings but the
possibility of being subject to criminal contempt, which could
result in a fine and imprisonment.  See Bagwell, 512 U.S. at
826.

      Finally, we do not at this time hold Whitchurch in
civil contempt as a result of her comments to the court and the
court staff, as cited in plaintiffs' November 10, 2016 motion
for an Order to Show Cause.