```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VIZANT TECHNOLOGIES, LLC,        :        CIVIL ACTION
et al.                           :
                                 :
          v.                     :
                                 :
JULIE P. WHITCHURCH, et al.      :        NO. 15-431
```

MEMORANDUM

Bartle, J.                                        March 7, 2017

On February 13, 2017, the court found that defendant Julie P. Whitchurch is in civil contempt for failure to comply with the court's January 8, 2016 permanent injunction in favor of Vizant Technologies, LLC, her former employer, and its chief executive officer Joseph Bizzarro. The injunction permanently enjoined Whitchurch from taking any action whatsoever to cause or discourage any person or entity from doing business with, investing in, or maintaining an employment relationship with Vizant. (Doc. # 315). The Court of Appeals had affirmed the injunction on January 13, 2017. See Vizant Technologies, LLC v. Whitchurch, No. 16-1178 (3d Cir. Jan. 13, 2017). We imposed monetary civil contempt sanctions upon Whitchurch until she purges herself of contempt.

On February 16, 2017, plaintiffs Vizant and Bizzarro filed a motion seeking attorneys' fees and costs in connection

with preparation of their November 28, 2016 motion for an Order to Show Cause (Doc. # 304), preparation for the February 2, 2017 Show Cause Hearing, and attendance of the February 2, 2017 Show Cause Hearing.  Whitchurch did not appear at the Show Cause Hearing and has not filed a response to the plaintiffs' pending motion for attorneys' fees and costs.

I.

If successful in civil contempt proceedings, the complainant is entitled to costs of investigating the violation of the court's order, preparing for and conducting the contempt proceeding, and attorneys' fees.  See Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 447 (1911); see also Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994).  The award of attorneys' fees places the prevailing party in the position it would have been had the contemnor complied with the court order. Robin Woods Inc., 28 F.3d at 400; see also Halderman by Halderman v. Pennhurst State School & Hosp., 49 F.3d 939, 941 (3d Cir. 1995).  Plaintiffs are "prevailing parties" for the purpose of attorneys' fees "if they succeed on any significant issue in litigation which achieves some of the benefit of the parties sought bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1982) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)).

Vizant and Bizzarro commenced this now long-enduring litigation against Whitchurch on January 29, 2015.  On January 8, 2016, the court granted summary judgment on liability in favor of Vizant and Bizzarro and against Whitchurch on claims of defamation and tortious interference with existing and prospective business relationships.  (Doc. # 213).  The court also granted summary judgment on liability in favor of Vizant and against Whitchurch on certain breach of contract claims, as well as misappropriation of trade secrets under the Delaware Uniform Trade Secrets Act, Del. Code Ann. tit. 6, §§ 2001 et seq.[1]  (Doc. # 213).  On the same day, the court entered a permanent injunction against Whitchurch.[2]  (Doc. # 214).

Plaintiffs filed a Motion for an Order to Show Cause on November 28, 2016 for Whitchurch to show cause why she should not be held in civil contempt for violation of the court's January 8, 2016 permanent injunction.  (Doc. # 304).  The court held a Show Cause Hearing on February 2, 2017.  The court found

---

1.  We granted summary judgment in favor of Whitchurch on plaintiffs' claims of:  violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; abuse of process; conversion; fraud; certain breach of contract claims; and civil conspiracy.  Vizant has since withdrawn its claim under the Delaware Uniform Trade Secret Act.  (Doc. # 213).

2. The court held a non-jury trial on the issue of damages on March 2, 2016.  The court thereafter entered judgment against Whitchurch and in favor of Vizant on March 22, 2016 in the amount of $2,256,427.12 for compensatory damages, attorneys' fees, and costs.  (Doc. # 274).  It entered judgment against Whitchurch and in favor of Bizzarro in the amount of $500,000 in damages.

that Whitchurch is in contempt of the permanent injunction and imposed monetary civil contempt sanctions upon her until she purges herself of contempt. (Doc. # 315). Thus, Vizant and Bizzarro are "prevailing parties" in this action.

## II.

We next determine what fee is "reasonable" using a lodestar calculation, which requires us to multiply "the number of hours reasonably expended on this litigation . . . by a reasonable hourly rate." Hensley, 461 U.S. at 433; see also United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007). This calculation must exclude from consideration "hours that were not reasonably expended." Hensley, 461 U.S. at 433-34 (citation omitted). Significantly, we may "reduce the number of hours claimed by the number of hours 'spent litigating claims on which the party did not succeed and that were "distinct in all respects from" claims on which the party did succeed.'" Id. (quoting Institutionalized Juveniles v. Sec'y of Pub. Welfare, 758 F.2d 897, 919 (3d Cir. 1985)).

The party seeking fees bears the burden of demonstrating that it is entitled to an award and "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437. The party should submit evidence of prevailing market

rates in the community for attorneys of equivalent skill and experience in order to establish the reasonableness of the fees. Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984).

Once we have calculated the lodestar amount by multiplying the number of hours reasonably expended by counsel's reasonable rate, "[t]here remain[s] other considerations that may lead the district court to adjust the fee upward or downward." Hensley, 461 U.S. at 434. Vizant and Bizzarro have sought no upward adjustment, and Whitchurch, who has not responded to the motion, has not requested a downward adjustment. We "cannot decrease a fee award based on factors not raised at all by the adverse party." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting Bell v. United Princeton Props., Inc., 884 F.2d 712, 720 (3d Cir. 1989)).

Accordingly, our task requires us to determine "the number of hours reasonably expended" on the November 28, 2016 motion for an Order to Show Cause, preparation for the February 2, 2017 Show Cause Hearing, and attendance of the February 2, 2017 Show Cause Hearing. See Hensley, 462 U.S. at 433. In determining "the number of hours reasonably expended on the litigation," we exclude any "excessive, redundant, or otherwise unnecessary" hours as well as those "spent litigating claims on which [Vizant and Bizzarro] did not succeed and that were distinct in all respects from claims on which [Vizant and

- 5 -

Bizzarro] did succeed." Hensley, 461 U.S. at 433-34; Rode, 892 F.2d at 1183 (citations omitted).

Vizant and Bizzarro ask us to award them $4,320.99 in attorneys' fees and costs. In support of their petition for fees, they attach to their motion the invoices of Kang Haggerty for work performed by three individuals: Edward Kang,[3] "JEP" or "Jason E. Powell," and "ML."[4] The invoices are detailed "in a manner that . . . enable[s] [the court] to identify distinct claims." See Hensley, 461 U.S. at 437. For example, the invoices specify the type of work performed, the issue that was the subject of the work, and the individual who performed the work. Vizant and Bizzarro's submission makes it possible for the court to separate the work performed by Kang Haggerty for each of the issues as to which Vizant and Bizzarro seeks fees.

The only costs sought after by Vizant and Bizzarro is $1.99, the cost of postage for mailing Whitchurch a copy of the November 28, 2016 Show Cause motion. This sum is reasonable.

We find that the fee petition adequately documents the hours claimed and adequately identifies hours expended on each

---

3. Edward Kang, one of the lead attorneys in this action, is a Managing Member of Kang Haggerty & Fetbroyt, LLC and has been in practice since 2001.

4. Plaintiffs' brief has not identified the name or position of "ML" or "JEP" at Kang Haggerty. Based on our March 22, 2016 Findings of Fact and Conclusions of Law (Doc. # 272) related to the judgment entered against Whitchurch, we conclude that "ML" is Melissa Lagoumis and "JEP" is attorney Jason Powell.

distinct issue.  See Hensley, 461 U.S. at 433-34; see also Rode, 892 F.2d at 1183.  Based on evidence submitted by Vizant and Bizzarro, Kang "reasonably expended" 4.5 hours on this litigation, Powell "reasonably expended" 8.4 hours on this litigation, and ML "reasonably expended" 0.5 hours on this litigation.

Our next step in the lodestar calculation is to multiply this total number of hours "by a reasonable hourly rate."  Hensley, 461 U.S. at 433.  The reasonableness of an attorney's rate is judged according to the "prevailing market rates in the relevant community."  See Blum, 465 U.S. at 895.

Vizant and Bizzarro have submitted evidence of the prevailing market rates in Philadelphia, where Kang Haggerty is located and where this litigation took place.  Their brief identifies that Kang billed a rate of $485 per hour in 2016 and currently bills a rate of $525 per hour in 2017.  Their exhibits demonstrate that Powell and Lagoumis contributed to the work that makes up the hours total.  The attached invoices, and not the brief, identify their hourly rates.  In 2016, Powell billed at an hourly rate of $225 and in 2017 he billed at a rate of $235.  Lagoumis billed at a rate of $125 per hour in 2016.

We conclude that the hourly rates of Kang Haggerty are appropriate in light of the prevailing market rates in Philadelphia.  It was appropriate for Vizant and Bizzarro, in

calculating their fee request, to multiply the reported numbers by these rates.  The lodestar sum is calculated by the number of hours multiplied by the reasonable rate.  <u>Hensley</u>, 461 U.S. at 433.  Kang reported one hour in 2016 at a rate of $485 and 3.5 hours in 2017 at a rate of $525.  Powell reported 2.7 hours in 2016 at a rate of $225, 1.3 hours in 2017 at a rate of $225, and 4.4 hours in 2017 at a rate of $235.  Lagoumis reported 0.5 hours in 2016 at a rate of $125.  The total sum of the individual hours multiplied by the individual rates is $4,319.  This is consistent with the success achieved by Vizant and Bizzarro, which accomplished its goal of the court finding Whitchurch in civil contempt for her violation of the permanent injunction.  See <u>Hensley</u>, 461 U.S. at 438.  We need not "adjust the fee upward or downward" any further, as our initial calculation of the hours "reasonably expended" did not include hours spent on unrelated issues and Vizant and Bizzarro provided adequate documentation of Kang Haggerty's billing.  See <u>id.</u> at 434.

### III.

In sum, we will award Vizant and Bizzarro attorneys' fees in the amount of $4,319 and costs in the amount of $1.99, for a total award to Vizant and Bizzarro of $4,320.99.